**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALI ABDUL HAK,

        Petitioner,                      Case Number: 2:11-CV-13053

v.                                        HONORABLE DENISE PAGE HOOD

DEBRA SCUTT,

        Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT AND REQUIRING
RESPONDENT TO FILE ANSWER TO PETITION**

Petitioner Ali Abdul Hak filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Hak challenges his convictions on two counts of third-degree criminal sexual conduct. Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed. For the reasons set forth, the Court denies the motion for summary judgment.

**I.**

Petitioner was convicted by a jury in Wayne County Circuit Court of two counts of third-degree criminal sexual conduct. On October 10, 2006, he was sentenced to five to fifteen years in prison for each conviction. Petitioner filed an appeal of right with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions.

*People v. Hak*, No. 274543 (Mich. Ct. App. June 17, 2009). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

On May 10, 2010, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion on August 11, 2010. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal on October 4, 2010. On April 25, 2011, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Hak*, 489 Mich. 895 (Mich. Apr. 25, 2011).

Petitioner filed the pending petition on July 11, 2011.

## II.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v.*

2

*Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000). A factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must

designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.

Respondent argues that summary judgment should be granted because the petition was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which issued an order denying the appeal on June 17, 2008. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for

leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. His conviction became final when the time for seeking such review expired, August 12, 2008. *See Redmond v. Jackson*, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, August 13, 2008, and continued to run uninterrupted until it expired one year later.

  Petitioner's motion for relief from judgment did not toll the limitations period. The motion for relief from judgment was filed, on May 10, 2010, approximately nine months after the limitations period expired. Petitioner, a native of Lebanon, argues that the limitations period should be equitably tolled because he does not understand, speak, read, or write English. He states that he lacked the ability to file an application for leave to appeal on direct review in the Michigan Supreme Court or to seek state court collateral review until he found someone who spoke English and Arabic.

  In *Cobas v. Burgess*, 306 F.3d 441 (6th Cir.2002), the Court of Appeals held that "[a]n inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Id.* at 444. "[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the court, that lack

5

of proficiency is insufficient to justify equitable tolling." *Id.* Courts have interpreted *Cobas* to support a holding that language inability and the denial of translation assistance can constitute an extraordinary circumstance warranting equitable tolling. *See, e.g., Pabon v. Mahanoy*, 654 F.3d 385, 401 n.22 (3d Cir. 2011); *Mendoza v. Carey*, 449 F.3d 1065, 1070-71 (9th Cir. 2006).

In *Cobas*, the Court of Appeals found that the petitioner had failed to show extraordinary circumstances because the record showed that the petitioner had written "a detailed letter to his appellate attorney in English in which he discussed complex legal issues in detail" and was able to file various post conviction motions. *Cobas*, 306 F.3d at 444. In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to Petitioner as well as draw all reasonable inferences in Petitioner's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003). Viewing the evidence in a light most favorable to Petitioner, the Court finds nothing in the record that belies Petitioner's averment that he cannot communicate in English and was unable to previously obtain assistance in pursuing his claims. He attaches affidavits attesting to his limited ability to understand English. His trial attorney testified during a hearing on a post-conviction motion that he could only fully communicate with Petitioner if Petitioner's wife was present to interpret and that, without Petitioner's wife's assistance, he would have required an interpreter. The record also shows that once Petitioner obtained assistance, he acted diligently. Therefore, the Court equitably tolls the limitations period for the period when Petitioner was unable to pursue state or federal

court remedies because he did not understand English and lacked access to an interpreter (that is, the period following direct review until the filing of a motion for relief from judgment in state court), and the motion for summary judgment will be denied.

**IV.**

For the reasons stated, the Court **DENIES** Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus **[dkt. #9]**.

The Court **ORDERS** Respondent to file an answer in accordance with Rule 5, Rules Governing Section 2254 Cases, within **90 DAYS** from the date of this Order.

**SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager